IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRELL L. JACKSON,

    Plaintiff,

v.                                   CASE NO. 5:11-cv-414-RS-GRJ

H. FROMM,

    Defendants.
_____/

## O R D E R

This case is before the Court on Doc. 19, Plaintiff's Motion for an Emergency Injunction, and Doc. 20, Plaintiff's Notice to the Court. Plaintiff alleges that correctional officers at the Gwinnett County Detention Center, where Plaintiff is currently incarcerated, have denied him access to materials with which to prepare his legal papers, and postage to mail documents to the Court. Plaintiff also asserts that the law library refuses to make copies of his legal materials. Plaintiff requests an injunction to direct correctional officers to supply him with the necessary materials. For the following reasons, Plaintiff's motion is due to be denied. Plaintiff's notice to the Court indicates that he has been booked under an incorrect name, and requests the Court to send orders to him under his proper name and the incorrect name. This request is due to be granted.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*, citing United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)*.* Guiding this discretion is the required finding that plaintiff establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112 F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983)*.* A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974)*.*

Plaintiff makes generalized claims that the correctional officers' behavior has kept him from being able to fully present his legal arguments. However, he does not allege substantial facts supporting a threat of irreparable injury. Plaintiff is clearly able to prepare documents to submit to the Court, based on the filing of the instant motion and his simultaneously-filed notice to the Court. (Doc. 20.) Based on the facts alleged in Plaintiff's motion, he fails to carry his burden of persuasion on any of the four factors warranting injunctive relief. Plaintiff's allegations that the Gwinnett County Detention Center officers have prevented him from typing and copying papers are not sufficient to invoke the drastic remedy of a preliminary injunction, especially where Plaintiff asks the Court to direct correctional officials as to the administration of the prison library. Furthermore, to the extent that Plaintiff challenges these officers' actions on constitutional grounds, that issue is not before the Court in the instant case.

Finally, to the extent Plaintiff asks the Court to bind non-parties to an order issued by this Court, his motion is flawed.  The Defendant in this case is H. Fromm, a nurse at the Northwest Florida Reception Center.  (Doc. 1).  Plaintiff does not name Defendant Fromm as specifically engaging in the activities he alleges warrant a preliminary injunction.  Rule 65(d), which governs motions for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d).  "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted).  This Court must have jurisdiction over a party to adjudicate a claim.  Therefore, the only parties mentioned in the motion for a preliminary injunction, unnamed correctional officers at the Gwinnett County Detention Center, would not be bound by an order issued by this Court.

Accordingly, it is **ORDERED:**

(1)  Plaintiff's Motion for an Emergency Injunction, Doc. 19, is **DENIED.**

(2)  Plaintiff's request that the Court address future mailings to him under both his correct name, Darrell Jackson, and the name under which he is booked, Darrell Moore, is **GRANTED**.  The **Clerk** shall address all correspondence to Plaintiff as follows: Darrell L. Moore/ Darrell L. Jackson, 99332101, Gwinnett County Detention Center, Dorm 2-G, cell

309-B, 2900 University Parkway, Lawrenceville, GA 30043.

**DONE AND ORDERED** this 27th day of December 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge