IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRELL L. JACKSON,

    Plaintiff,

v.                                      CASE NO. 5:11-cv-414-MW-GRJ

H. FROMM,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Doc. 12, Defendant Fromm's Motion to Dismiss the Complaint. Defendant requests the Court to dismiss this action because Plaintiff failed to disclose all of his prior cases in the Complaint, and because Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g). For the following reasons, Defendant's motion is due to be denied.

## DISCUSSION

Defendant requests dismissal of Plaintiff's complaint for two reasons. First, Defendant argues that dismissal is warranted because Plaintiff failed to disclose two of his prior federal cases. Second, Defendant contends that Plaintiff has three prior strikes and therefore dismissal is mandated by 28 U.S.C. § 1915(g). As discussed below Defendant's argument fails on both grounds.

Turning first to Defendant's argument that Plaintiff failed to disclose on the complaint form prior cases, Defendant alleges that Plaintiff failed to disclose two of his prior federal cases: *Jackson v. Capraun, et al.*, 6:09-cv-01737-JA-DAB, filed in the

Middle District of Florida; and his appeal to the Eleventh Circuit in *Jackson v. John Doe, et al.*, 5:09-cv-338-RH-CJK.

The problem with *Jackson v. John Doe* is that Plaintiff disclosed on the complaint form the underlying case in *Jackson v. John Doe* (Doc. 1., at 5) but not the appeal. Disclosure of the appeal was not required, however, because the appeal was not docketed until December 20, 2011 and Plaintiff did not receive the case number for his appeal until January 3, 2012, *after* his Complaint was filed in this case. Thus, Plaintiff was not required to disclose the appeal.

With regard to the second case – *Jackson v. Capraun* – Plaintiff asserted claims for false arrest, false imprisonment, and malicious prosecution arising from Plaintiff's arrest for theft of a bicycle and possession of drug paraphernalia in January 2008. Plaintiff filed that case on October 13, 2009. Prior to Plaintiff filing the instant case, the Court in *Capraun* dismissed several defendants, but claims against the John Doe defendant remained pending. (Case No. 6:09-cv-01737-JA-DAB, Docs. 85, 89.) This same argument was addressed by Judge Kahn in another case filed in this district by Plaintiff. In recommending dismissal of one of Plaintiff's prior cases against Defendant Fromm Judge Kahn reasoned that:

> [t]he Middle District case [*Capraun*] does not involve similar facts or issues as the instant case. The Middle District case does not challenge the fact of plaintiff's incarceration or the conditions of plaintiff's confinement. The Middle District case has not been dismissed. None of the questions on the complaint form required plaintiff to disclose Middle District Case No. 6:09cv1737.

*Jackson v. Cutchins, et al.*, Case No. 5:09-cv-338-RH-CJK, Doc. 73, at 5.

The same reasoning applies in this case. The only question on the Court's form that *might* have required Plaintiff to disclose *Capraun* would be Part IV.D., which

2

asked if Plaintiff had "ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service." As discussed, however, only some of the defendants in *Capraun* had been dismissed at the time that Plaintiff filed the instant case, and therefore the "action" itself was still pending. Accordingly, Plaintiff was not required to disclose *Capraun* for the purposes of this case.

Second, Defendant requests dismissal of the complaint arguing that Plaintiff has three strikes under 28 U.S.C. § 1915(g). According to Defendant, *Jackson v. Cutchins et al.*, Case No. 5:09-cv-338-RH-CJK (dismissed as malicious for failure to disclose prior cases); *Jackson v. Cutchins et al.*, 5:09-cv-368-RS-GRJ (dismissed for failure to state a claim); and *Jackson v. Capraun*, Middle District of Florida Case No. 6:09-cv-01737-JA-DAB (some defendants dismissed for failure to state a claim) each constitute a strike.

While two of the cases count as a strike the third case – *Jackson v. Capraun*, Case No. 6:09-cv-01737-JA-DAB – does not constitute a strike under 28 U.S.C. § 1915 (g).[1]

The starting point for the analysis is the statute. Section 1915(g) provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1]The Court's independent review of PACER also demonstrates that Plaintiff had only two strikes at the time he filed the instant complaint.

Thus, the plain language of the statute requires that in order for a case to count as a strike the "action" must be dismissed and not simply claims in the action.

Relying upon a single unreported district court case,[2] Defendant urges the Court to find that when some, but not all of the defendants in a previous case are dismissed for failure to state a claim, that the previous case should count as a strike under 28 U.S.C. § 1915(g). Defendant's position, however, is inconsistent with the plain language of the statute and is at odds with the weight of authority from the Circuits, which have addressed this issue.

As the Tenth Circuit noted, "[b]ecause the statute refers to dismissals of "*actions*," as opposed to "*claims*," it is well established that a partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not a proper basis for assessing a strike." *Thomas v. Parker*, 672 F. 3d 1182, 1183 (10th Cir. 2012); *see* also, Thompson *v. Drug Enforcement Admin.*, 492 F. 3d 428, 432 (D.C. Cir. 2007)(in order to count as a "strike," all claims must fall into at least one of the three strike categories); *Turley v. Gaetz*, 625 F. 3d 1005, 1012 (7th Cir. 2010)(dismissal of less that all of prisoner's claims in an action does not result in a "strike"); *Tolbert v. Stevenson*, 635 F. 3d 646, 651 (4th Cir. 2011) The Seventh Circuit in *Turley* explained the distinction between "action" and "claim" in the context of assessing a strike:

> "Action" and "claim" have well-defined meanings in the pleading context. *See* Fed. R. Civ. P. 3 (providing that a civil "action" begins with the filing of a complaint); Fed. R. Civ. P. 8(a) (setting out the minimal requirements to

---

[2] *Nottingham v Richardson*, 2011 WL 4526133, n. 2 (N.D. Tex. September 29, 2011). The court in *Nothingham*, however, never addressed the precise issue but simply cited two unpublished Fifth Circuit cases in a footnote for the proposition that partial dismissals are counted as a strike. The two Fifth Circuit cases – *Adeleke v Heaton*, 352 F.Appx. 904, (5th Cir. Nov. 5, 2009) and *Foreman v Potter*, 2010 WL 2465232 (5th Cir. June 18, 2010) – do not address this precise issue. Rather, the Fifth Circuit panels there simply warned that the dismissals would be strikes.

4

state a "claim" for relief); Fed. R. Civ. P. 18(a) (providing that a party may join multiple "claims" against a single defendant). Here we believe that the obvious reading of the statute is that a strike is incurred for an action dismissed in its entirety on one or more of the three enumerated grounds.

*Turley*, 625 F. 3d at 1008-09.

While the Eleventh Circuit has not addressed this precise issue, the Court concludes that the better reasoned view – consistent with the view of the Seventh, Tenth, Fourth and D.C. Circuits – is that where some but not all of the claims have been dismissed for failure to state a cause of action the case does not count as a strike for purposes of the three strike rule under § 1915(g).

Accordingly, the *Capraun* case – relied upon by Defendant as the third strike – does not count as a strike because in *Capraun* only claims and not the action were dismissed. Plaintiff, therefore, had only two strikes at the time that he filed the instant complaint and thus was not a "three-striker."

## **RECOMMENDATION**

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 12) should be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, on December 27, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**