IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRELL L. JACKSON,

    Plaintiff,

v.                                             CASE NO. 5:11-cv-414-MW-GRJ

H. FROMM,

    Defendant.

_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

Plaintiff, *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). In accordance with Fed. R. Civ. P. 16(b), it is **ORDERED**:

**(1) Discovery Period**. The due date of any discovery request shall not be later than **April 29, 2013**. Discovery which would require a later due date shall not be permitted except by Court order. No extension of the discovery period will be granted except for good cause and upon showing of diligence during the initial discovery period. See N.D. Fla. Loc. R. 6.1. The filing of motions SHALL NOT operate to toll or extend the discovery cut-off date set forth in this paragraph. The parties are advised that a second, brief discovery period will be provided for trial preparation for those claims which will be going to trial. Redundant discovery will not be permitted during this second discovery period. Costs of discovery shall be borne by the party making the discovery request.

**(2) Rule 26 Requirements**. Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv) and (f), counsel and *pro se* Plaintiff are not required to meet or make initial disclosures.

The parties are advised that at some point in the future they may be directed to "confer to consider the nature and basis of their claims and defenses" and discuss the possibility of a prompt settlement or resolution of the case.

**(3) Interrogatories and Requests for Production.** The number of interrogatories to any party, as governed by Fed. R. Civ. P. 33(a), may not exceed 25, including all subparts. Interrogatories and the answers thereto, and requests for production or inspection, shall not be filed with the Court unless necessary to a pre-trial motion or for another particular purpose. See N. D. Fla. Loc. R. 26.2(A).

**(4) Schedule.** The following schedule shall apply to this case:

(a) All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.

(b) Motions for summary judgment shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by court order, not later than **20 days** after the close of discovery.

(c) Unless otherwise ordered by the Court, no motions to compel discovery may be filed after the close of discovery.

(d) The Court may dispose of motions without a hearing. N.D. Fla. Loc. R. 7.1 (D).

**(5) Discovery Obligations.** The Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If the attorney for Defendant or the *pro se* Plaintiff cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party; and if consent to an extension of time cannot be obtained, a motion requesting the same should be

immediately filed and served. In the meantime, no motion to compel a response shall be filed. Stipulations extending the time for responses to discovery may be made only as authorized by Fed. R. Civ. P. 29, and N.D. Fla. Loc. R. 6.1.

(6) **Rule 37 Sanctions**. The parties are advised that if a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party. Fed. R. Civ. P. 37. Furthermore, prior to filing a motion to compel, the moving party must provide certification that the "movant has in good faith conferred or attempted to confer with the party not making the disclosure" in an effort to avoid judicial intervention. Fed. R. Civ. P. 37(a)(2).

(7) **Resolution of Discovery Controversies**. As noted above, counsel and *pro se* parties must attempt to resolve discovery controversies without the Court's intervention. The Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the parties are unable to reach an accord. Any motion filed shall include certification that such attempts have been made, in accordance with Fed. R. Civ. P. 7(B) and Fed. R. Civ. P. 37, and shall be in the form required by N.D. Fla. Loc. R. 26.2(B), (C).

(8) **Summary Judgment Motions.** Any motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 (or Rule 12(b)(6) which requires reference to matters outside the pleading), shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion. The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by

page, paragraph, number, or other detail sufficient to permit the Court to readily locate and check the source. The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party. See N.D. Fla. Loc. R. 56.1(A).

Motions for summary judgment will be taken under advisement as specified in a subsequent court order. The parties will be directed to submit a response to any such motion that is filed and may await the issuance of an order specifically directing the response.

**(9) Amendments**. This order may be amended by the Court on its own motion or upon motion of any party.

**IT IS FURTHER ORDERED** that the Clerk shall return this file to the undersigned no later than **April 29, 2013.**

**DONE AND ORDERED** this 29th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge