IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRELL JACKSON

     Plaintiff,

v.                                  CASE NO. 5:11-cv-414-MW-GRJ

NURSE H. FROMM,

     Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff initiated this case by filing a *pro se*, *in forma pauperis* prisoner civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff was an inmate in the custody of the Florida Department of Corrections (D.O.C.) at the time this case was filed but has since been released from D.O.C. custody. The events giving rise to the complaint occurred while Plaintiff was confined at Northwest Florida Reception Center, in Chipley, Florida, and pertain to the medical care Plaintiff received there. Defendant was previously employed by the D.O.C. as a senior licensed practical nurse ("SLPN"), who treated Plaintiff.

Now pending before the Court is Doc. 53, Defendant's motion for summary judgment. Plaintiff was advised of his right to respond to the motion, and the consequences of summary judgment (Doc. 54), but he has not filed a response in opposition, and the time to do so has passed. For the reasons discussed below, Defendant's motion for summary judgment is due to be granted and judgment entered in Defendant's favor.

# I. PLAINTIFF'S ALLEGATIONS

The allegations of the complaint, viewed in the light most favorable to the Plaintiff, may be summarized as follows. In the morning on June 12, 2009, Plaintiff was taken to the nurse's station in a wheelchair after slipping and falling while working in the kitchen. After arriving at the nurse's station, the kitchen officers, who escorted Plaintiff, informed Defendant Nurse Fromm of the slip and fall. Plaintiff was taken to the nurse's station in a wheelchair because his back was injured and he could not walk. According to Plaintiff, Nurse Fromm demanded that Plaintiff get out of the wheelchair and walk into the nurse's station. After Plaintiff informed her that he could not walk, Nurse Fromm called two prison officers to the nurse's bay. After the two officers arrived, Nurse Fromm told the officers that Plaintiff was faking. One of the officers made an inmate, who was waiting in the nurse's station lobby, assisted Plaintiff getting out of the wheelchair to walk to the nurse's station. Plaintiff alleges that this caused him to experience "acute pain in his lower spine."

After Plaintiff was inside the station, Nurse Fromm asked Plaintiff to stand on a scale. Plaintiff informed her that he could not stand. Nonetheless, Nurse Fromm instructed the inmate (who had assisted Plaintiff with walking) to help Plaintiff onto the scale. Once on the scale, Nurse Fromm instructed the inmate to let go of Plaintiff, causing Plaintiff to fall "almost to his knees causing acute pain to his lower spine."

According to Plaintiff, Nurse Fromm then lifted Plaintiff's shirt and looked at his back for only approximately two or three seconds and allegedly told the guard "I don't see any swelling. I told you he was faking." Nurse Fromm then ordered Plaintiff back

to work, allegedly without ever looking into his medical file, without consulting a physician, and without permitting Plaintiff to be seen by a physician, as he requested. When Plaintiff informed Nurse Fromm that he could not work Nurse Fromm allegedly told the guard to "lock his ass up."  The two officers who were present then grabbed Plaintiff by the arms and "literally drug" (sic) him approximately 50-feet while Defendant watched.  This caused Plaintiff injury and "excruciating pain" to his back and shoulder.

Plaintiff contends that Defendant was deliberately indifferent to Plaintiff's serious medical need, and "her actions were unnecessary and wanton for the purpose of causing pain."  Plaintiff alleges that Defendant had the "ability and opportunity to stop the two guards from dragging Plaintiff but failed to act."  Plaintiff further contends that Defendants' actions amounted to deliberate indifference in violation of his Eighth Amendment rights.  Plaintiff alleges that he now suffers from anger, resentment, and hatred for Defendant and all prison officials, and that following this incident he has suffered extreme anxiety, hopelessness, and "fear for his life."  He requests that the Court issue "declaratory judgement," $20,000 in compensatory damages, $25,000 in punitive damages, and "any other relief that Plaintiff is entitled to."  (Doc. 1.)

## II.  <u>SUMMARY JUDGEMENT STANDARD</u>

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other

evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005).

## III.  EIGHTH AMENDMENT STANDARDS

With regard to the deliberate indifference claims under the Eighth Amendment the Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97 (1976) that  "to prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).  To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was

"both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). For the same reason, the fact that jail medical personnel did not refer Plaintiff to an outside physician does not provide a basis for Eighth Amendment liability. *See Estelle* 429 U.S. at 107 ("A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.").

In order for a plaintiff to demonstrate that a delay in medical treatment amounts to deliberate indifference, he "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Whitehead v.*

*Burnside*, 403 Fed.Appx. 401, 2010 WL 4629001 (11th Cir. 2010) (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187–88 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 n. 9, (2002)) ("[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.")

## IV.  DISCUSSION

Nurse Fromm contends she is entitled to summary judgment in her favor for several reasons. According to Nurse Fromm, Plaintiff has failed to establish an Eighth Amendment violation and has failed to demonstrate that he suffered a documented physical injury sufficient to support a claim for monetary damages. Additionally, Nurse Fromm contends she is entitled to qualified immunity and to the extent she has been sued in her official capacity she contends she is immune from suit under the Eleventh Amendment.

## A.  *Plaintiff Has Failed to Demonstrate a Violation of the Eighth Amendment*

Defendant argues that Plaintiff has failed to make out an Eighth Amendment violation because Plaintiff has not demonstrated that he had an objectively serious medical need. Alternatively, even if Plaintiff had a serious medical need, Nurse Fromm argues that Plaintiff has failed to demonstrate that Nurse Fromm was subjectively indifferent to the risk of a known serious medical need.

The unrefuted evidence of record fails to demonstrate that Plaintiff had a serious medical need. As evidenced by the declaration of Nurse Fromm, she partially evaluated Plaintiff upon his arrival to the nurse's station but apparently Plaintiff became non-

complaint, ending the medical exam. Doc. 55, Ex. A., ¶5.  Notably, during her limited

examination of Plaintiff Nurse Fromm did not observe any evidence of injury to

Plaintiff's back. *Id.*  The fact that no injury was observed was noted in the medical

record. *Id.*  Nurse Fromm's report evidencing that Plaintiff refused medical treatment,

and that no injury was observed, is confirmed in the incident report filed by the two

officers who were on the scene. Doc. 53, Ex. B.  In the incident report two different

officers –  C.O. DeLoach and Shift Supervisor Lt. Cutchins –  reported that Plaintiff

refused medical treatment when he was taken to the nurse's station after his slip and

fall in the kitchen. *Id.*  Nurse Fromm's observation that she did not observe any injury,

and that Plaintiff was non-compliant so she could not treat him, is further confirmed in

the report of "Back Pain Assessment," filled-out by Nurse Fromm.  Doc. 53, Ex. D.

Apparently, after Nurse Fromm directed Plaintiff to return to work and he refused,

Plaintiff walked to confinement.[1]

Just three hours after Plaintiff was removed from the nurse's station, he was

examined again by Nurse Fromm after a use of force incident. The only injury noted

during that examination was redness in his shoulder. Doc. 53, Ex. F 7-8.  During that

exam, no bruising, swelling, or discoloration to Plaintiff's back was noted.  *Id*.

Plaintiff has not submitted any evidence demonstrating that he suffered a serious

medical issue or any evidence documenting a physical injury to his back. Indeed,

Plaintiff has not filed an affidavit in opposition to the motion for summary judgment or

---

[1] Apparently, after Plaintiff became disorderly during the exam, he was released back to security and cleared to return to work. When Plaintiff left the medical building, he did not return to work in violation of his orders. Doc. 53, Ex. B.  When Plaintiff refused to return to work he was sent to confinement, and was subsequently charged with refusing to work. *Id.* Exs. 4, 5 & 6.   Plaintiff pleaded no contest to the charge, and was found guilty. *Id.*, Ex. E.

submitted his affidavit refuting the declaration of Nurse Fromm or the medical reports

submitted by Defendant. Accordingly, the Plaintiff has failed to demonstrate the

existence of a material issue of fact with regard to whether he was suffering from a

serious medical need.

Even assuming, however, that Plaintiff's alleged back injury from the slip an fall

constituted an objectively serious medical need (the first *Estelle* element), it is apparent

that Plaintiff received medical evaluation and treatment. The record reflects that after

Defendant was unable to complete a full medical evaluation of Plaintiff, medical staff

continually followed up with Plaintiff. Plaintiff's medical records demonstrate that

medical staff was called to assess Plaintiff in his cell on the day of the incident at 10:20

a.m., but Plaintiff was uncooperative and refused to come to the door to answer

questions. Doc. 53, Ex. F. At 11:30 a.m. that day, medical staff noted in Plaintiff's file

that he was observed by security walking from H dorm to G dorm, despite his earlier

complaints that he could not walk. *Id*. At 11:40 a.m., a post use-of-force exam of

Plaintiff was completed by Nurse Fromm. The only notation of injury is that there was

some redness on Plaintiff's right shoulder. There was no bruising, swelling, or

discoloration observed on Plaintiff's back, and no medical treatment was ordered. *Id.*

Nursing records show that Plaintiff was angry and uncooperative with staff, but was in

no distress and no injuries were observed. *Id.*

The next day, June 13, 2009, there are seven separate notations in Plaintiff's

Chronological Record of Health Care, documenting that Plaintiff was observed in his

cell multiples time, and that he again refused to respond to questions or interact with

medical staff. *Id.* Ex. F 1-4. Medical staff returned to Plaintiff's cell to observe him

twice on June 14, 2009, and Plaintiff informed medical staff that he could not come to the cell door. *Id.* Ex. F-5. Plaintiff was instructed that his medication would help with his back pain, but he refused all medication. *Id*, Ex. F -16. Plaintiff was again observed twice in his cell on June 15, 2009, and reiterated his claim that he could not move or walk. *Id.* F-6. Notably, however, on that same date Plaintiff permitted SRN Rudolph to examine his spine, and no abnormalities were noted. *Id*.

On July 31, 2009 an emergency room record was completed to evaluate "alleged staff abuse." *Id.,* Ex. F-10. The record shows that Plaintiff complained that officers pulled him out of medical and roughed him up so that his back and neck were now hurting him. *Id*. The evaluating nurse did not note any acute findings although she noted there was a history of chronic back condition in his chart. *Id*. Plaintiff was advised to follow up in sick call. *Id*.

On this record, the Court concludes that Plaintiff has failed to meet his burden of showing that Nurse Fromm had any subjective knowledge of a risk of serious harm, and that with such knowledge disregarded that risk (the deliberate indifference required under the second *Estelle* element). Rather, the evidence of record on summary judgment shows that after Plaintiff complained of pain in his back, he was taken to medical. Nurse Fromm attempted to evaluate Plaintiff but Plaintiff refused to cooperate, became disorderly and was therefore removed by security. From what Nurse Fromm was able to observe despite Plaintiff's refusal to be treated, there was no evidence of a serious medical issue or any injury to Plaintiff's back. Because there is no issue on this record that Nurse Fromm did not observe any serious harm to Plaintiff, Nurse Fromm's decision not to refer Plaintiff to a physician cannot rise to the level of deliberate

indifference.

Moreover, after his initial complaint to Nurse Fromm, Plaintiff was monitored on a regular basis for three days. Plaintiff received further care when he alleged staff abuse the following month. Plaintiff was also offered medication for his pain but refused it. Thus, Plaintiff received medical care but not the medical care he believed was appropriate. A difference in view as to what medical care an inmate should receive is insufficient to rise to the level of deliberate indifference and does not support a claim for deliberate indifference under the Eighth Amendment.

In sum, Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment deliberate indifference claim because Plaintiff has failed to show that he had a serious medical need. Additionally, Plaintiff has failed to demonstrate that Nurse Fromm knew that Plaintiff suffered from a serious medical issue to his back that presented a risk of harm, and that despite knowing Plaintiff's condition presented a risk of harm, ignored his medical condition. To the contrary, the unrefuted evidence of record demonstrates that Plaintiff complained of back pain and after he was taken to medical he refused treatment by Nurse Fromm, thus necessitating his removal by security. Further, the unrefuted evidence of record demonstrates without contradiction that no injury was observed by Nurse Fromm when Plaintiff presented and no injury was observed when Plaintiff was examined three hours later for a separate incident. Accordingly, Defendant is entitled to summary judgment in her favor on Plaintiff's Eighth Amendment deliberate-indifference claim.

In addition to Plaintiff's failure to establish a claim for deliberate indifference under the Eighth Amendment, Plaintiff's claim also fails because Plaintiff has failed to

allege any physical injury and instead only alleges that he suffered "pain, anger, resentment, hatred, anxiety, hopelessness and fear."  Thus, Plaintiff has failed to establish a documented physical injury sufficient to support a claim for monetary damages, because any back pain Plaintiff suffered due to Defendant's actions is *de minimus*.  Consequently, Plaintiff's claims for compensatory and punitive damages would fail because pursuant to 42 U.S.C. § 1997e(e), "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  And, as here, where the only injury alleged is a vague and undocumented complaint of back pain, such complaints have been held to be insufficient to advance a claim by a prisoner under the PLRA.  *See, e.g. Mann v. McNeil,* 360 Fed. Appx. 31 (11th Cir. 2010) (inmate's allegations of "vague injuries" to his back were *de minimus* injuries); *Quinlan v. Personal Transport Service Co.*, 329 Fed.Appx. 246 (11th Cir. 2009) (detainee's complaints of periodic back pain were insufficient to surmount the § 1997e bar).

## B.  *Defendant is Entitled to Qualified Immunity*

        Defendant also asserts that she is entitled to qualified immunity.  "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Andujar v. Rodriguez,* 486 F.3d 1199,1202 (11th Cir. 2007) (citations omitted); *Brandon v. Holt,* 469 U.S. 464, 472-73 (1985).  Qualified immunity is only available in suits for damages.  *See, e.g., Ashcroft v. al-Kidd,* 131 S.Ct. 2074, 2080 ("Qualified immunity shields federal and state officials from money damages"); *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982). An official wishing to invoke the affirmative defense of qualified immunity must have been acting within his discretionary authority. *Skop v. City of Atlanta, Georgia,* 485 F.3d 1130, 1136 (11th Cir. 2007). If a defendant establishes that he or she was acting within his or her discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not proper. *Lee v. Ferraro*, 284 F.3d 1188, 1197-98 (11th Cir. 2002).

There are two prongs to a qualified immunity test. The plaintiff must show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1264 (11th Cir. 2004). The Supreme Court has held that lower courts are permitted to exercise discretion in deciding which prong of the test to address first. *Pearson v. Callahan,* 555 U.S. 223 (2009).

It is uncontested that Defendant was a state actor and was acting within her discretionary authority during the incident in question. Therefore, the burden shifts to Plaintiff to show that Defendant is not entitled to qualified immunity. Plaintiff has made no such showing, and, as discussed above, Plaintiff has not demonstrated that Defendant violated a constitutional right. Therefore, no further inquiry is necessary and, accordingly, Defendant is entitled to qualified immunity.

**C.**   ***To the Extent That Defendant Is Sued in Her Official Capacity Defendant Is Entitled to Eleventh Amendment Immunity***

Defendant also argues that she is entitled to Eleventh Amendment immunity from damages. In Plaintiff's complaint he does not specify whether he is suing Defendant in her official or individual capacity. While the Court assumes the claims are brought against Nurse Fromm in her individual capacity, to the extent they are not, and

Plaintiff is suing Defendant in her official capacity, Plaintiff's claims are barred by the Eleventh Amendment. A suit for damages against a state employee in an official capacity is in effect a suit against the state. The Eleventh Amendment prohibits a suit against a state for damages in federal court absent the state's waiver or congressional authorization. *Kentucky v. Graham*, 473 U.S. 159 (1985). Neither of those exceptions are present in this case. Therefore, to the extent that Plaintiff is suing Defendant in her official capacity, Plaintiff's claims for damages are barred by the Eleventh Amendment.

## V. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment, Doc. 53, should be **GRANTED**, and that judgment should be entered in Defendant's favor.

**IN CHAMBERS** this 27th day of December 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**